Opinion filed May 14, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed May 14, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00266-CR

                                                      _________

 

                         MICHAEL
E. AGIBSON@ HARBERT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 118th District Court

 

                                                        Howard
County, Texas

 

                                                    Trial
Court Cause No. 12034

 



 

                                             M
E M O R A N D U M   O P I N I O N

Michael
E. AGibson@ Harbert appeals his
conviction for the offense of murder.  The jury assessed his punishment at life
imprisonment in the Texas Department of Criminal Justice, Institutional
Division, and a fine of $10,000.  He contends in two issues on appeal that the
trial court abused its discretion in admitting evidence as to the extraneous
offense of possession of marihuana and that the trial court erred in overruling
his objection to the prosecutor=s
closing argument.  We affirm.








Harbert
makes no assertion that the evidence is insufficient to show that he murdered
the victim.  He urges in issue one that the trial court abused its discretion in
admitting evidence as to the extraneous offense of possession of marihuana. 
Prior to trial, the trial court granted Harbert=s
motion in limine, prohibiting the State from introducing evidence of any
extraneous conduct allegedly perpetrated by Harbert, whether adjudicated or
not.  At trial, the prosecutor asked Corporal Nathan Londenberg, the Big Spring
police officer who arrested Harbert and booked him into jail, what else he had
been booked for.  Corporal Londenberg responded that, during the booking
process, it was discovered that Harbert had some marihuana in his pocket and
that he was charged with that.  Counsel for Harbert made a general objection. 
Before the trial court could rule on the objection, Harbert=s counsel moved for a
mistrial because the evidence violated the motion in limine about extraneous
matters.  The trial court denied the motion for mistrial without ever expressly
ruling on Harbert=s
objection.

Subsequently,
Felicia Aldridge, the driver of the car in which Harbert was riding at the time
of his arrest, testified that crack cocaine found in her possession at the time
of Harbert=s arrest
was hers.  She indicated that neither she nor Harbert was smoking the crack
cocaine that night.  When the State=s
attorney apparently started to ask whether they had smoked the marihuana,
Harbert=s counsel made
a general objection and then referred to his motion in limine about extraneous
matters.  The State argued that it was entitled to present the evidence because
it went to Harbert=s
perception and state of mind.  Aldridge then testified that neither she nor
Harbert had been smoking marihuana that night. 

The
Texas Rules of Evidence provide that evidence of other crimes, wrongs, or acts
is not admissible to prove the character of a person in order to show action in
conformity therewith.  Tex. R. Evid.
404(b).  However, it may be admissible for other purposes, such as proof of
motive, opportunity, intent, preparation, plan knowledge, identity, or absence
of mistake or accident.  Rule 404(b).  These exceptions are neither
mutually exclusive nor collectively exhaustive.  De La Paz v. State,
279 S.W.3d 336 (Tex. Crim. App. 2009).

Whether
extraneous offense evidence has relevance apart from character conformity is a
question for the trial court.  Id.  A trial court=s ruling on the admissibility of extraneous
offenses is reviewed under an abuse of discretion standard.  Id.  We
will uphold the trial court=s
ruling as long as it is within the zone of reasonable disagreement.  Id.  The
trial court=s ruling
is generally within the zone of reasonable disagreement if the evidence shows
that (1) an extraneous transaction is relevant to a material, non-propensity
issue and (2) the probative value of the evidence is not substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury.  Id.  








The
State argues that the testimony about marihuana resulted from questioning of
Corporal Londenberg by defense counsel.  However, our record reflects that the
testimony was elicited by the prosecutor, not defense counsel.  The State at
that time made no suggestion as to what issue, if any, other than character
conformity, the evidence tended to support.  Later, when the State sought to
ask Aldridge whether she or Harbert were smoking marihuana on the night of the
murder, the State indicated that the evidence went to Harbert=s perception and state of
mind.

The
evidence before us is that Harbert was in possession of some marihuana at the
time of his arrest and that he had not smoked any of it on the night in
question.  There was no issue as to whether Harbert shot the victim.  Not only
did the forensic evidence establish that the shots were fired from his gun, but
he had himself said so when he told those doing forensic work that they did not
need to test his hands for gunshot residue.  The only material issues at trial
were whether the deceased confronted Harbert with a gun prior to the shooting
and, if so, whether Harbert=s
actions were consistent with those who wish to avail themselves of the defense
of self-defense.  We hold that evidence of Harbert being in possession of
marihuana is not relevant to those issues and that, even if it were, its
probative value is substantially outweighed by the danger of unfair prejudice. 
Consequently, we hold that the trial court abused its discretion in admitting
into evidence the fact that Harbert was in possession of marihuana at the time
of his arrest.  While Harbert=s
perception and state of mind might be of some relevance to the issues in the
case, the State has failed to explain how Harbert=s
mere possession of marihuana, without more, relates to either Harbert=s perception or state of
mind.  Even if it could be said to be relevant, we hold that its probative
value is weak and substantially outweighed by the danger of unfair prejudice.  








Inasmuch
as we have concluded that the trial court abused its discretion by admitting
evidence of Harbert=s
possession of marihuana, we must determine if the admission of this evidence
affected Harbert=s
substantial rights.  Tex. R. App. P.
44.2(b); Prible v. State, 175 S.W.3d 724, 737 (Tex. Crim. App. 2005). 
Substantial rights are not affected by the erroneous admission of evidence if
the appellate court, after examining the record as a whole, has fair assurance
that the error did not influence the jury or had but a slight effect.  Motilla
v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).  When a trial court
errs by improperly admitting evidence, an appellate court determines the
likelihood that the error adversely affected the jury=s decision by considering everything in the
record, including the following: (1) testimony or physical evidence admitted
for the jury=s
consideration; (2) the nature of the evidence supporting the verdict; (3) the
character of the alleged error and how it might be considered in connection
with other evidence in the case; (4) the jury instructions; (5) the State=s theory and any defensive
theories; (6) closing arguments; (7) voir dire; and (8) the State=s emphasis of the error.  Haley
v. State, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005).

        As
previously noted, it was undisputed that Harbert fired the fatal shots that
killed the victim.   Harbert relied on self-defense.  There was evidence that
Harbert fired his gun after the victim confronted him with a gun at the front
door of the premises.  However, forensic evidence showed that the victim died
inside the residence, near the back door, as a result of three contact or
near-contact bullet wounds to his back from the gun found in Harbert=s possession shortly after
the shooting.  In addition to the testimony about Harbert=s possession of marihuana,
Aldridge testified that she had on her person four grams of crack cocaine. 
While hesitant to admit that she lived with Harbert because she lived in housing
under a program with the United States Department of Housing and Urban
Development, she acknowledged that they had three children together and that he
was her man.  She subsequently testified that neither she nor Harbert was
smoking the marihuana on the occasion in question.  In closing argument, the
prosecutor said:

Now,
a routine search of the vehicle turns up Hennessy Cognac and some marihuana.  I
don=t say that because
they=re necessarily
bad acts.  The testimony, if you believe it, is not that the Defendant or
Felicia Aldridge partook of marihuana that night or partook of that Hennessy
Cognac or partook of the crack cocaine she possessed that night.  They deny all
that.

 

Interestingly,
Harbert=s counsel did
not object to this argument on the basis of its reference to marihuana but,
instead, sought a mistrial on the basis that Harbert, who did not testify, had
not denied that he had used marihuana, cognac, or crack cocaine on the night of
the murder.  After the trial court overruled Harbert=s motion for mistrial, the prosecutor argued: 

Felicia
Aldridge states that there was no drug use that night.  She states that there
was no drinking that night.  You may reasonably consider whether or not she was
telling the truth when she said that and whether or not that affected her
sensibilities or the sensibilities of anyone else in the course of conduct of
that evening. 

 








Although
the State did emphasize the error in its final argument, we hold that the
evidentiary references to Harbert=s
marihuana possession did not affect his substantial rights, given Harbert=s admission that he was the
shooter, evidence that Harbert had threatened the victim a short time before
the shooting, forensic evidence showing that the victim was shot at close range
inside the house with the gun found in Harbert=s
possession, and Aldridge=s
testimony concerning crack cocaine.  While Harbert argues correctly that his
objections to the references in the evidence concerning the marihuana found in
his possession should have been sustained, he makes no argument and submits no
authority on the issue of whether the admission of that evidence affected his
substantial rights.

With
respect to the issue of admissibility, Harbert did cite several cases,
including Wallace v.  State, 679 S.W.2d 1 (Tex. Crim. App. 1984). 
In that case, the defendant=s
attempted capital murder conviction was reversed due to the introduction into
evidence of marihuana found in the defendant=s
possession.  The Texas Rules of Evidence did not become effective until March
1, 1998.  Consequently, the court in Wallace did not discuss the issue
of whether the admission into evidence of marihuana possession on the part of
the defendant affected his substantial rights.  While it held that the evidence
was extremely prejudicial, we notice that the defendant in that case possessed
marihuana, crack cocaine, and methamphetamine.  Id.  We overrule issue
one.

Harbert
asserts in issue two that the trial court erred in overruling his objection to
the prosecutor=s
closing argument concerning the alleged denial of the use of marihuana, cognac,
or crack cocaine.   We have previously noted that the prosecutor, in his final
argument, stated that Athey@ denied the use of 
marihuana, cognac, or crack cocaine on the night of the murder.  We have also noted
that Harbert had objected and moved for a mistrial based upon the fact that he
had not denied their use.  At this time, we would point out that, after the
trial court overruled Harbert=s
motion for mistrial, the prosecutor argued to the jury that Aldridge, Harbert=s companion on that
evening, had denied their use.  

We
would first note that the prosecutor=s
reference to the fact that Athey@ denied the use of the
marihuana, cognac, and crack cocaine could reasonably have been intended as a
reference to the defense as a group, not to Harbert individually.  We agree that,
if the reference was intended to include Harbert individually, it was an
incorrect statement and the objection should have been sustained.  There is
some question as to whether the argument was harmful to Harbert at all, at
least with respect to the objection that he had not denied the use of
marihuana, cognac, or crack cocaine on the night in question.  We hold that, in
any event, any error in overruling Harbert=s
objection to the State=s
argument, for the reasons we asserted with respect to issue one, did not affect
Harbert=s substantial
rights.  Harbert makes no argument that the prosecutor=s argument, with respect to the objection he
offered, was harmful or that it affected his substantial rights.  We overrule
issue two.








The
judgment is affirmed.

 

PER CURIAM

 

May 14, 2009  

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.